**NOT FOR PUBLICATION**                                                    **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|                                      |   |                              |
| ------------------------------------ | - | ---------------------------- |
| PATRICK HALEY, et al.,               | : | Civil Case No. 13-5645       |
|                                      | : |  (FSH) (JBC)                 |
| Plaintiffs,                          | : |                              |
|                                      | : | **OPINION & ORDER**          |
| v.                                   | : |                              |
|                                      | : | June 11, 2014                |
| AMS SERVICING, LLC, et al.,          | : |                              |
|                                      | : |                              |
| Defendants.                          | : |                              |
|                                      | : |                              |

---

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendants' Motion to Dismiss Plaintiffs'

Complaint [Docket No. 53] and Plaintiffs' Motion to Remand [Docket No. 67] for lack of

subject matter jurisdiction. The Court has reviewed the submissions of the parties and considers

the motions pursuant to Federal Rule of Civil Procedure 78.


## I. BACKGROUND

Plaintiffs are 103 individual homeowners from sixteen different states, each with a

mortgage on their property.[1]  Their counsel amassed this group and filed this action, jointing

---

[1] Plaintiffs' counsel has filed numerous virtually identical suits in this Court. *See*, *e.g.*, *Brecker v. 1st Republic Mortg. Bankers, Inc.*, 13-5646 (D.N.J. filed Sept. 20, 2013); *Peralta v. ABN AMRO Mortg. Grp., Inc.*, 13-5607 (D.N.J. filed Sept. 20, 2013); *Blondel v. Am. Mortgage Network, Inc.*, 13-5614 (D.N.J. filed Sept. 20, 2013); *Apostolakos v. Accredited Home Lenders, Inc.*, 13-5619 (D.N.J. filed Sept. 20, 2013).  Plaintiffs' counsel has also filed such suits in other courts. Defendant First Mariner Bank has sued Plaintiffs' counsel R. Geoffrey Broderick in the District of Maryland, asserting that Plaintiffs' counsel engaged in false advertising by soliciting individuals with misrepresentations about their mortgages to entice them to join a mass action

these unconnected Plaintiffs in New Jersey Superior Court against nineteen different Defendants, including a number of banks that service Plaintiffs' mortgages (the "lender Defendants") and MERSCORP, Holdings, Inc., which operates the Mortgage Electronic Registration System ("MERS"). MERS is a national electronic registry used by thousands of members, including mortgage lenders. Members designate MERS as "nominee" for loans that they service, which allows all members to track servicing rights and ownership interests in the mortgages. (Compl. ¶ 138 n.2). MERS is used as an electronic and national alternative to paper records in local county clerks' offices and purportedly allows any member to electronically track the transfer of a beneficial interest in the mortgage to another member or to securitize mortgages without having to alter paper records. (Compl. ¶¶ 130, 138). When an interest is transferred among MERS members, MERS records the transfer in its electronic system but MERS remains the nominal mortgagee on the mortgage document.

Plaintiffs claim that "the MERS system has . . . undermined the public records and the court systems and has created confusion and uncertainty concerning property ownership interests, potentially creating clouds of title on the property owned by Plaintiffs," (Compl. ¶ 151), and that this "Enterprise . . . induced Plaintiffs to enter into [their] mortgages based, in part, upon inflated appraisals," (Compl. ¶ 155). Thus, they allege that Defendants' "[m]embership in, subscription to, or participation in MERS constitutes participation in, furtherance of, and ratification of The Enterprise and its wrongful acts." (Compl. ¶ 160). Plaintiffs claim that naming MERS as nominee of their mortgages caused them unspecified harm

---

against First Marnier. *First Mariner Bank v. The Resolution Law Grp.*, Civ. No. 12-1133 (D. Md. filed Apr. 13, 2012). On April 22, 2014, Magistrate Judge Susan Gauvey recommended sanctions against R. Geoffrey Broderick due to "egregious discovery misconduct coupled with . . . clear spoliation of evidence." *First Mariner Bank v. Resolution Law Grp.*, Civ. No. 12-1133, 2014 WL 1652550, at *18 (D. Md. Apr. 22, 2014).

by enabling their banks to evade publicly recording mortgage transfers and paying county fees. (Compl. ¶¶ 130, 144, 147).  "Each Plaintiff" alleges that the "Enterprise and the Defendants" generally were not authorized to transfer mortgages; "were part of a scheme by which The Enterprise and/or Defendants misled investors by selling collateralized mortgage pools at an inflated value"; and that "misrepresentations [were made] by The Enterprise and the Defendants to investors," (Compl. ¶ 172), although no such purported investors in collateralized mortgage pools are parties to this case.  Each Plaintiff contends that they "would have avoided these doomed predatory transactions based upon inflated appraisals and lax underwriting standards" if they had known about the purported scheme.  (Compl. ¶ 190).

For sixty-nine Plaintiffs, these are the only "facts" that Plaintiffs allege.[2] It is never stated, for instance, which lender serviced each Plaintiff's mortgage, nor has any Plaintiff alleged a connection between any individual Plaintiff and each of the lenders.  Nowhere does any Plaintiff state how the MERS tracking system impaired his or her rights, nor has any Plaintiff identified any specific damage or harm from any particular promissory note tracked by MERS, nor from any particular purportedly inflated appraisal, nor a single misrepresentation of fact upon which he or she relied upon to his or her detriment.  One supposed Plaintiff, Julia Ravello, plead no facts at all and does not even appear outside of the caption box.[3]

Several other Plaintiffs, however, allege that their mortgage servicer wrongfully denied loan modifications or principal deductions; delayed in processing loan modifications; improperly

---

[2] *See* Compl. ¶¶ 9-13, 15-18, 20, 22-26, 30, 32-34, 37, 39, 41, 44, 46-48, 50-52, 54-57, 60, 62, 64-65, 67-71, 73-81, 84-89, 91-92, 94-95, 97, 99-103. Plaintiffs Roger and Leandra Peak's allegations were plead together, as were Ira and Roberta Rosdeitcher.

[3] Craig Miller appears only in the body of the Complaint and not the caption. (Compl. ¶ 61).

suggested payment plans with ballooning payments; wrongfully foreclosed upon their property;

or failed to perform obligations arising out of their acceptance of Government funds through the

federal Troubled Asset Relief Program.[4]  These Plaintiffs allege that the mortgage-lender

Defendants did not have standing to foreclose upon their property and that MERS "made it

difficult to ascertain whether a foreclosing party actually owns or holds the Note with proper

endorsements." (Compl. ¶¶ 151, 168). Notably, only three Plaintiffs – Miri Ben-Ari, Carolyn

Green-Disler, and Gwendolyn Walton – allege that they encountered difficulty contesting a

foreclosure proceeding.  (Compl. ¶¶ 14, 42, 96).

 Although two-thirds of the Plaintiffs make only a single factual allegation related to the

lender Defendants – that the Defendants were associated with MERS – all nine causes of action

in the Complaint are brought "[b]y [a]ll Plaintiffs [a]gainst [a]ll Defendants." These counts

include: (1) "Violation of the New Jersey Truth in Consumer Contract, Warranty, And Notice

Act, N.J.S.A. § 56:12-14"; (2) "Intentional Misrepresentation"; (3) "Negligent

Misrepresentation"; (4) "Negligence"; (5) "Slander Of Title"; (6) "Ejectment For Wrongful

Possession Of Claim On Land"; (7) "Breach Of Contract / Constructive Fraud"; (8) "Civil

Conspiracy / Member Liability In Joint Enterprise"; and (9) "Unjust Enrichment."  Each Plaintiff

seeks a declaration that they own the property free of the mortgage, injunctive relief, and

statutory and compensatory damages.

 Defendant Bank of America, N.A., removed the action to this Court on September 20,

2013, asserting jurisdiction under the Class Action Fairness Act as a mass action where the

claims of 100 or more persons are proposed to be tried jointly.  Defendants then moved to

---

[4] No Plaintiff alleges, however, that there is a private right to sue under the Troubled Asset
Relief Program or pleads in the Complaint that they are third-party beneficiaries of any
agreement between the mortgage lenders and the Government.

dismiss the Complaint for failure to state a claim upon which relief can be granted, failure to set forth a short and plain statement, and failure to plead fraud with sufficient particularity.[5] [Docket No. 53].  Plaintiffs moved to remand the action to New Jersey Superior Court. [Docket No. 67].

## II. DISCUSSION

### a. Jurisdiction

Defendants assert jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). CAFA expands federal jurisdiction to include "mass actions" that meet certain requirements.  28 U.S.C. § 1332(d)(11); *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 740 (2014) ("CAFA grants federal jurisdiction over class and mass actions in which the aggregate amount in controversy exceeds $5 million."). Class actions and mass actions may be "removed to a district court of the United States in accordance with [the removal statute for civil actions], without regard to whether any defendant is a citizen of the State in which the action is brought . . . ." 28 U.S.C. § 1453(b), 28 U.S.C. § 1446.

The statute defines "mass action":

[T]he term "mass action" means any civil action (except a [class action]) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a

---

[5]Defendants Bank of America, N.A., and Countrywide Home Loans, Inc., moved to dismiss. The Motion was joined by Defendants Bayview Loan Servicing, LLC; Select Portfolio Servicing, Inc.; Green Tree Servicing, LLC; Homeward Residential, Inc.; Ocwen Loan Servicing, LLC; CitiMortgage, Inc.; US Bank, N.A.; Wells Fargo Bank, N.A.; Seterus, Inc.; JP Morgan Chase Bank, N.A.; MERSCORP Holdings, Inc.; Carrington Mortgage Services, LLC; and Nationstar Mortgage LLC.  Defendants AMS Servicing, LLC; OneWest Bank, FSB; and First Mariner Bank have not joined the motion or appeared in this case; Plaintiffs have not submitted proof of service upon these Defendants.

mass action satisfy the jurisdictional amount requirements under subsection (a) [which is currently $75,000].

28 U.S.C. § 1332(d)(11)(B)(i).

Thus, "[a]ccording to CAFA's plain text, a 'mass action' must involve monetary claims brought by 100 or more persons who propose to try those claims jointly as named plaintiffs." *Hood*, 134 S. Ct. at 739.

For federal jurisdiction to attach, a mass action must also satisfy several additional requirements, similar to the requirements for a class action. 28 U.S.C. § 1332(d)(11)(A) ("a mass action shall be deemed to be a class action removable under paragraphs [28 U.S.C. § 1332(d)](2) through (10) if it otherwise meets the provisions of those paragraphs."). Those provisions include various caveats to the grant of jurisdiction, such as: a minimal diversity requirement,[6] 28 U.S.C. § 1332(d)(2); a requirement that the aggregate amount in controversy for the mass action "exceeds the sum or value of $5,000,000, exclusive of interest and costs," *id.*; a mandatory and a discretionary exception to the exercise of jurisdiction for local controversies,[7] 28 U.S.C. §

---

[6] There is minimal diversity under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, at least one Plaintiff – Patrick Haley, a New Jersey citizen (Compl. ¶ 6) – is a citizen of a different state from at least one Defendant – Bank of America, N.A., a citizen of North Carolina.

[7] Plaintiffs asserted, but did not brief, that this action was "local" in nature. There is no jurisdiction under CAFA for a "mass action" if "all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State." 28 U.S.C. § 1332(d)(11)(b)(ii). Similarly, "[a] district court shall decline to exercise jurisdiction" where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). First, by failing even to brief this issue, Plaintiffs waive any right to later take a position on it. The Court is satisfied that neither exception applies. Plaintiffs allege fraudulent lending practices related to mortgages on their real estate, which is located in sixteen different states. Moreover, fewer than two-thirds of Plaintiffs are residents of New Jersey.

1332(d)(3)-(4), (d)(11)(B)(ii); and limitations on the subject matter and permissible defendants in a mass action.

Thus, as a threshold matter for jurisdiction under CAFA, Defendants must show that: (1) more than 100 persons propose to try their claims jointly based on common questions of law or fact; (2) the mass action involves monetary relief claims; (3) the aggregate amount in controversy exceeds $5,000,000; and (4) there is minimal diversity.

To establish jurisdiction, the removing defendant bears the burden of proving threshold jurisdictional facts by a "preponderance of the evidence." *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007). "To evaluate whether removal is proper, we generally focus on the allegations in the Complaint and the notice of removal." *Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 158 (3d Cir. 2013). Courts may consider, however, "pleadings as well as evidence that the parties submit to determine whether subject matter jurisdiction exists or an exception thereto applies." *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 503 n.1 (3d Cir. 2013).

Plaintiffs contend that, because Plaintiffs do not plead a specific amount of damages, the removing Defendant bears the burden to prove that damages exceed the threshold value to a "legal certainty." (Pls.' Mem. of P.&A. in Supp. of Mot. to Remand ¶ 33). The Third Circuit has held, however, that where a Complaint does not plead an amount of damages, remand is appropriate only where "it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico*, 507 F.3d at 197 (emphasis added). The Complaint is silent as to the amount of damages; therefore, the Court applies the *Frederico* standard.

Plaintiffs claim that "Defendants do not allege that there are 100 Plaintiffs with claims that meet the $75,000 jurisdictional amount . . . Defendants cannot meet their burden by pleading

the jurisdictional amount is satisfied for any fewer than 100 Plaintiffs."[8]  (Pls.' Mem. of P.&A. in Supp. of Mot. to Remand ¶¶ 54-55).  Thus, Plaintiffs argue that CAFA jurisdiction requires that all 100 members of the proposed mass action place $75,000 at issue.

CAFA confers jurisdiction over "any civil action" where the "claims of 100 or more persons are proposed to be tried jointly" with an aggregate value of $5 million, "except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a) [of more than $75,000]." § 1332(d)(11)(B)(i); *Hood*, 134 S. Ct. at 740 ("Class and mass actions filed in state court that satisfy CAFA's requirements may be removed to federal court, but federal jurisdiction in a mass action, unlike a class action, shall exist only over those plaintiffs whose claims individually satisfy the $75,000 amount in controversy requirement.") (internal citations and quotation marks omitted). Defendants assert that, where 100 Plaintiffs have an aggregate claim of $5 million, the entire *action* is removable.  They argue that any individual Plaintiffs with a *claim* for $75,000 or less shall then be remanded, but that any remand shall not affect the jurisdiction of the mass action.

Defendants cite an Eleventh Circuit case, which concluded that each Plaintiff need not place more than $75,000 at issue for CAFA jurisdiction to attach to the entire action, holding that "it seems clear that the $75,000 provision was not intended to bar district courts from asserting jurisdiction over the entire case if each individual plaintiff's claims do not exceed $75,000." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1205 (11th Cir. 2007).  The *Lowery* Court found that if CAFA required that 100 or more persons propose claims exceeding $75,000 each – as

---

[8] The majority of Plaintiffs' Motion to Remand argues that there is no jurisdiction because the Complaint presents no federal question under 28 U.S.C. § 1331.  Defendants' removal, however, was based on CAFA jurisdiction under 28 U.S.C. § 1332 and not the existence of a federal question.  The Court, therefore, addresses only Plaintiffs' arguments related to CAFA.

Plaintiffs here contend – that requirement would rewrite the statute to impose an amount in controversy for mass actions of $7.5 million (100 claims multiplied by $75,000), rather than the explicit textual requirement of $5 million.  *Lowery*, 483 F.3d at 1203-07; *id.* at 1207 ("the $75,000 provision *does not* . . . supplant the Act's plainly expressed $5,000,000 aggregate requirement by requiring a per-plaintiff minimum threshold requirement" for each of 100 Plaintiffs); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006) (noting, but not deciding, that it is "consistent with a logical reading of the statute" to retain jurisdiction over a properly removed mass action even if, by remanding individual Plaintiffs' claims that are $75,000 or below, the mass action retains less than 100 persons). These Courts have reasoned that, if more than 100 Plaintiffs have claims with a value of over $5 million, there is federal jurisdiction over the action itself, and the Court may proceed with the action as to the subset of persons with claims exceeding $75,000.  *See Lowery*, 483 F.3d at 1207; *Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 761 (7th Cir. 2008) ("the Class Action Fairness Act . . .  creates federal jurisdiction over class litigation-including 'mass actions' in which plaintiffs propose a trial involving the claims of 100 or more litigants-if at least one plaintiff demands $75,000, the stakes of the action as a whole exceed $5 million, and minimal diversity of citizenship exists."); *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1323 n.1 (M.D. Fla. 2008) ("a trial court keeps jurisdiction over the case as a whole even if it lacks jurisdiction over 100 individual plaintiffs due to some of those plaintiffs falling beneath the $75,000 requirement."). The Court finds this reasoning persuasive.

Here, Defendants have shown that at least one individual has a claim where the amount in controversy is greater than $75,000.  Plaintiffs each seek "declaratory relief voiding the notes and mortgages of Plaintiffs held or serviced by the Defendants" and "a finding that each

mortgage lien alleged to exist is null and void ab initio." (Compl. ¶ 241, Prayer for Relief).

Thus, at the very least, Plaintiffs have placed the value of their remaining mortgage payments at

issue. *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) ("Numerous

district courts have held that, where a complaint seeks to invalidate a loan secured by a deed of

trust, the amount in controversy is the loan amount, although other courts have calculated the

amount in controversy by reference to . . . the unpaid principal balance on the note as of the date

of removal.") (internal alterations, citations, and quotation marks omitted) (citing *Stonebridge

Bank v. Nita Props., LLC*, Civ. No. 090-5145, 2011 U.S. Dist. LEXIS 9674, at *6, 2011 WL

380759, at *3 (D.N.J. Jan. 31, 2011)).

In its notice of removal, Defendant Bank of America, N.A., submitted evidence that it

services the loans of fifteen Plaintiffs.  (Notice of Removal ¶ 19, Docket No. 1). For each of

these Plaintiffs, the amount of the outstanding loan balance is greater than $75,000. (Notice of

Removal ¶ 19; Cacho Decl. ¶ 10, Docket No. 1-2).  The outstanding loan balance for those

fifteen Plaintiffs in aggregate was calculated to be $7,413,317.64 at the time of removal. (Notice

of Removal ¶ 19; Cacho Decl. Ex. 1, Docket No. 1-3).  Plaintiffs have not contested these

jurisdictional facts.  Consequently, this Court cannot find that "it appears to a legal certainty that

the plaintiff cannot recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188,

197 (3d Cir. 2007). Defendants have met their burden to show that the "claims of 100 or more

persons are proposed to be tried jointly" with an aggregate amount at issue of at least $5 million.

28 U.S.C. §1332(d). Defendants have also shown that some number of individual Plaintiffs place

greater than $75,000 at issue. Thus, there is CAFA jurisdiction over this action; Plaintiffs'

motion to remand the action is denied.

Finally, Plaintiffs argue that, if the Court finds that CAFA jurisdiction exists, their declaratory claims should nevertheless be remanded because CAFA purportedly grants jurisdiction over "monetary relief claims" only. Plaintiffs each have declaratory and monetary claims.  In addition to seeking declaratory relief, Plaintiffs also seek "all actual damages, punitive damages, reasonable attorneys' fees, [and] costs of this action." (Compl. ¶ 241; Prayer for Relief). Because Plaintiffs seek damages under New Jersey statutory causes of action, Plaintiffs have "monetary relief claims" under CAFA. *See Lowery*, 483 F.3d at 1202 ("This [mass action] provision . . . does not extend to actions seeking solely equitable relief."); *Bank of New York Mellon v. Walnut Place LLC*, 819 F. Supp. 2d 354, 360 (S.D.N.Y. 2011) ("cases seeking only non-monetary relief, such as injunctions, cannot be removed under CAFA.") *rev'd sub nom. on other grounds BlackRock Fin. Mgmt. Inc. v. Segregated Account of Ambac Assur. Corp.*, 673 F.3d 169 (2d Cir. 2012); *Kitazato v. Black Diamond Hospitality Invs., LLC*, Civ. No. 09-00271, 2009 WL 3824851, at *5 (D. Haw. Nov. 13, 2009) (remanding action because Plaintiffs sought declaratory relief only).  The Third Circuit has held that under "removal practice, the entire lawsuit is removable or not removable, not merely the claims against particular defendants." *Brown v. JEVIC*, 575 F.3d 322, 329 (3d Cir. 2009) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1197 (11th Cir.2007) ("we read CAFA's jurisdictional and procedural removal provisions to relate to the 'class action' and not particular claims, the removal of the claims against all the defendants either stands or falls as a whole.")). Thus, because Plaintiffs assert monetary claims, the entire action is removable, including any declaratory claims.  Moreover, the purported "declaratory" claims are really an effort to void a monetary obligation and are best viewed as monetary claims regardless of nomenclature chosen by Plaintiffs.

**b. Severance**

Defendants move to sever Plaintiffs' claims as misjoined under Federal Rule of Civil Procedure 21.  A person may be joined in one action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20.  "Rules 18 and 20 of the Federal Civil Procedure . . .  mandate presence of a transactional relationship between the claims." *Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F. Supp. 2d 241, 265 (D.N.J. 2011).  If a common transactional relationship does not exist "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.  "[P]laintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." *Marrakush Soc. v. N.J. State Police*, Civ. No. 09-2518, 2009 WL 2366132, at *28 (D.N.J. July 30, 2009) (quoting Charles Allen Wright, Arthur R. Miller, 7 Federal Practice & Procedure Civil 3d § 1655; *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).

Because CAFA jurisdiction is determined at the time of removal, the subsequent severance of claims or parties does not affect the jurisdiction of those claims. *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1318 (M.D. Fla. 2008) ("Defendants' 'remove then sever' strategy has no effect on the Court's CAFA jurisdiction").  Thus, courts finding CAFA jurisdiction over a mass action have frequently severed all but the named plaintiff where the action lacked a transaction or occurrence common to all plaintiffs.  *See*, *e.g.*, *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 233-34 (E.D.N.Y. 2013); *Visendi v. Bank of*

*Am., N.A.*, 733 F.3d 863, 871 (9th Cir. 2013) (finding CAFA jurisdiction over mass action alleging mortgage fraud and misrepresentation but severing all but the first named plaintiff as the action lacked "common questions of law or fact"); *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 639-40 (5th Cir. 2014) (finding that plaintiffs' claims retained CAFA jurisdiction even after they were severed due to misjoinder).

Here, the 103 Plaintiffs – with an aggregate 98 mortgages – are suing nineteen different Defendant banks based on loans that were provided over a nine-year period. Together, Plaintiffs' homes subject to these mortgages are located in sixteen different states.  Each Plaintiff alleges that their mortgage servicer committed wrongful conduct, which varies among the Plaintiffs and includes allegations that the servicer denied loan modifications or principal deductions; delayed in processing loan modifications; improperly suggested payment plans with ballooning payments; wrongfully foreclosed upon their property; failed to perform obligations arising out of their acceptance of Government funds through the federal Troubled Asset Relief Program; or merely participated in the Mortgage Electronic Registration system, (Compl. ¶ 159).

No Plaintiff pleads any connection to any other mortgage servicer apart from their own. Thus, each Defendant was involved in a separate mortgage, and is accused of separate conduct unrelated to the other Defendants and Plaintiffs.  *Kalie v. Bank of Am. Corp.*, Civ. No. 12-9192, 2013 WL 4044951, at *5 (S.D.N.Y. Aug. 9, 2013) (severing Plaintiffs in a similar action by residential homeowners against mortgage lenders because "plaintiffs have failed to plead facts sufficient to support a finding that plaintiffs' claims against these three defendants are 'so logically connected' to dictate that they be resolved together.").

Because the allegedly wrongful conduct was committed by different Defendants against different Plaintiffs, there is no common transaction or occurrence or series of transactions or

occurrences. *See Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 222, 229-34
(E.D.N.Y. 2013) ("It is well established that separate loan transactions by different lenders do
not constitute a single transaction or occurrence and claims by plaintiffs who engaged in those
separate transactions generally cannot be joined in a single action."); *Murakush Caliphate of
Amexem Inc. v. New Jersey*, 790 F. Supp. 2d 241, 266 (D.N.J. 2011) (finding a violation of Rule
20 where "the Complaint. . . asserts a gamut of wholly unrelated transactions involving a
multitude of different persons designated as wrongdoers and a matching multitude of persons
designated as aggrieved.").

Nor is this lack of commonality cured by Plaintiffs' allegation of conspiracy.  Plaintiffs
contend that Defendants "participated in a common plan and scheme involving the origination of
loans, servicing of loans and/or acquisition of loans," (Compl. ¶127), and by using MERS,
"[e]ach of the Defendants agreed to participation in The Enterprise, with the knowledge or intent
that doing so would harm homeowners in general, and the Plaintiffs in particular," (Compl. ¶
234).  In opposition to Defendants' motion to sever, Plaintiffs assert joint-liability among the
lenders, claiming that "Defendants were involved in a common scheme and plan in the
origination of loans, the servicing of loans and/or the acquisition of loans through their
membership in MERS." (Pls.' Mem. in Opp'n to Defs.' Mot. to Dismiss 8).

As the *Abraham* Court observed in a similar lawsuit – which was filed by Plaintiffs'
counsel and involved hundreds of homeowners alleging fraud by MERS and various lenders –
"unsupported and speculative allegation[s] that the various Defendants conspired to defraud each
individual Plaintiff does not satisfy the requirement that Plaintiffs' claims arise out of the same
transaction, occurrence, or series of occurrences, nor does it obviate the need for separate proof
as to each individual claim." *Abraham*, 947 F. Supp. 2d at 230 (quoting *Richards v. Deutsche*

*Bank Nat'l Trust Co.*, Civ. No. 12-4786, 2012 U.S. Dist. LEXIS 115302, at *2 (C.D. Cal. Aug. 15, 2012)).  There, the Court found that "these allegations [of conspiracy] are wholly unsupported and speculative. Plaintiffs have not provided any factual allegations supporting these contentions, such as evidence that Plaintiffs' individual mortgages were based on inflated appraisals or specific omissions by particular employees responsible for issuing Plaintiffs' mortgages." *Abraham*, 947 F. Supp. 2d at 230.

So, too, here. Apart from Plaintiffs' conclusory allegation that Defendants "participated in a common plan and scheme," Plaintiffs have pled no facts indicating an agreement or common purpose between the different lender Defendants to defraud Plaintiffs. Plaintiffs assert that "at all times material hereto, Defendants have acted as servicer or in another capacity with respect to loan processing. All of the foregoing secured real estate loans made to Plaintiffs were wrongfully and fraudulently handled and processed by Defendants, their agents, servants, employees, or others with whom they acted in concert, resulting in damages." (Compl. ¶ 104). Similarly, Plaintiffs assert that "MERS certifying officers, including Defendant Servicers' agents, servants, employees, or others through whom they acted in concert, have repeatedly executed and submitted in court mortgage assignments where MERS purports to assign a mortgage to the foreclosing party without possessing any authority to do so."). (Compl. ¶ 152).  Yet the Complaint never identifies any connection between the Defendants or, for that matter, any particular wrongful acts the Defendants committed in concert.  Apart from pleading that Defendants are members of MERS, (Compl. ¶ 129), the Complaint pleads no information to indicate the Defendants conspired for an unlawful purpose. *See generally Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177 (2005) (finding that a conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful

means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.").  Merely alleging that all Defendants agreed to associate by using MERS and that such association was fraudulent does not sufficiently set forth facts indicating that each Defendant agreed to commit an unlawful act against Plaintiffs. "[V]ague allegations of conspiracy" are insufficient.  *Brookhart v. Rohr*, 385 F. App'x 67, 69 (3d Cir. 2010).

Moreover, as the *Abraham* Court noted, proof of a fraudulent conspiracy must satisfy Rule 9's heightened pleading requirement.  *Abraham*, 947 F. Supp. 2d at 231. Yet Plaintiffs fail to plead with particularity a single fraudulent representation or identify the role of any alleged coconspirator in the conspiracy.  Because the allegations are insufficient to support joint liability, and because there is no common transaction or occurrence, the parties are misjoined.

"Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.  "The proper remedy in case of misjoinder is to grant severance or dismissal to the improper party if it will not prejudice any substantial right." *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972).  "[T]he discretion to drop and dismiss claims against misjoined defendants under Rule 21 is abated when it prejudices any substantial right of plaintiffs, which includes loss of otherwise timely claims if new suits are blocked by statutes of limitations." *DirecTV, Inc. v. Leto*, 467 F.3d 842, 846-47 (3d Cir. 2006) (internal citations and quotation marks omitted). Here, pursuant to CAFA, there is no prejudice to Plaintiffs' right to timely assert their claims because "[t]he limitations periods on any claims asserted in a mass action that is removed to Federal court pursuant to this subsection shall be

deemed tolled during the period that the action is pending in Federal court." 28 U.S.C. § 1332(d)(11)(D).

"[S]everance will not prejudice Plaintiffs, as they remain free to pursue their claims individually." *Visendi*, 733 F.3d at 871. Nor have Plaintiffs asserted any other form of prejudice. Therefore, all Plaintiffs except for the named Plaintiff, Patrick Haley, are dropped and dismissed without prejudice as misjoined.  Each may open a new case after paying the appropriate filing fee.[9]  *In re Diet Drugs*, 325 F. Supp. 2d 540, 542 (E.D. Pa. 2004) (severing Plaintiffs' claims as misjoined and assessing the statutory filing fee) (citing *DIRECTV v. Loussaert*, 218 F.R.D. 639, 644 (S.D. Iowa 2003)).

### c. Motion to Dismiss

#### 1. Standard

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

---

[9] This remedy moots the argument by Defendants Ocwen Loan Servicing, LLC, and Homeward Residential, Inc., that Plaintiffs' lack standing for failure to show they suffered an injury in fact.

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949 (internal quotations and alterations omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted) (emphasis in original).

### 2. Analysis

Plaintiff Haley asserts the following causes of action: (1) "Violation of the New Jersey Truth in Consumer Contract, Warranty, And Notice Act, N.J.S.A § 56:12-14"; (2) "Intentional Misrepresentation"; (3) "Negligent Misrepresentation"; (4) "Negligence"; (5) "Slander Of Title"; (6) "Ejectment For Wrongful Possession Of Claim On Land"; (7) "Breach Of Contract / Constructive Fraud"; (8) "Civil Conspiracy / Member Liability In Joint Enterprise"; and (9) "Unjust Enrichment."  He makes only the following specific allegations:

18

> Plaintiff Patrick Haley is an individual . . . who executed a Promissory Note
> secured by a Mortgage on his real estate, with MERS, Inc. designated as the
> mortgagee of record. As a direct and proximate result of the deceptive and
> wrongful practices of Defendants, including but not limited to the use of the
> MERS system, Plaintiff has suffered financial damages and/or other injuries as
> herein described.

(Compl. ¶6).

Although various paragraphs of the Complaint collectively assert that Plaintiffs' mortgages were appraised at an inflated rate, and that other individuals were unable to modify a loan repayment plan or had difficulty contesting a foreclosure, no such allegations, nor any allegations even remotely meeting the heightened pleading standard for fraud claims, are pled by Haley specifically.  Instead, Haley pleads only these vague and general allegations, without a connection to any particular Defendant, any particular wrongdoing, or any particular harm.  As in *Kalie v. Bank of Am. Corp.*, Civ. No. 12-9192, 2013 WL 4044951, at *2 (S.D.N.Y. Aug. 9, 2013), the "Complaint does not specify which of this alleged misconduct applies to which plaintiff, which defendant, or which loan transaction. . . . [nor] differentiate between the 16 defendants, or state which was responsible for which type of wrongdoing. It does not state what the roles were that were played by individual defendants."

Here, Plaintiff Haley has not pled the identity of his mortgage servicer, nor which person Plaintiff contends uttered a misrepresentation. Plaintiff's general allegations of wrongdoing are precisely the type of "naked assertions devoid of further factual enhancement" that is insufficient to state a claim. *Iqbal*, 129 S.Ct. at 1949.  Without knowing exactly what wrongful conduct they are alleged to have engaged in, the individuals Defendants have not been given fair notice of the allegations against them. *See Twombly*, 550 U.S. at 555 (stating that Rule 8(a)(2) requires a complaint to "give the defendant fair notice of what the claim is and the grounds upon which it

rests") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Consequently, Plaintiff Haley's Complaint is dismissed.

### d. Motion to Withdraw as Attorney

Plaintiffs' Counsel R. Geoffrey Broderick and the Resolution Law Group filed a motion to withdraw as attorney for all 103 Plaintiffs [Docket No. 132].  Because each Plaintiff has the opportunity to refile a complaint, in the interests of justice, this Court will hold a hearing on the motion to withdraw on September 16, 2014, at 10 A.M.  Broderick shall appear in person with substitution counsel.  Plaintiffs' Counsel shall serve a copy of this Opinion and Order upon each of his clients and inform each client in writing that they have the opportunity to file a complaint as well as attend the September 2014 hearing.  Plaintiffs' Counsel shall file a certification stating he has informed each individual Plaintiff of these rights no later than June 30, 2014.  To ensure that there is no prejudice to the litigants or harm to the administration of justice, Plaintiffs' Counsel shall bring records related to his fee arrangements with Plaintiffs, including records of his accounts receivable, to the hearing.

### III. CONCLUSION & ORDER

For the foregoing reasons, the Court denies Plaintiffs' motion to remand, grants Defendants' motion to sever, and dismisses the Complaint without prejudice.

**ACCORDINGLY IT IS**, this 11th day of June, 2014, hereby

**ORDERED** that Plaintiffs' Motion to Remand [Docket No. 67] is **DENIED**; and it is further

**ORDERED** that Defendants' Motion to Sever [Docket No. 53] is **GRANTED**; and it is further

**ORDERED** that all Plaintiffs except the named Plaintiff Patrick Haley are **SEVERED** and

    **DISMISSED** without prejudice; and it is further

**ORDERED** that any Plaintiff who wishes to proceed may pay the filing fee and file a complaint

    within 30 days of the date of this Order; and it is further

**ORDERED** that Defendants' Motion to Dismiss the Complaint [Docket No. 53] is **GRANTED**;

    and it is further

**ORDERED** that Plaintiff Patrick Haley's Complaint is **DISMISSED** without prejudice; and it is

    further

**ORDERED** that if Plaintiff Haley wishes to file an amended complaint, it shall be filed not later

    than 30 days from the date of this Order, and the failure to do so will convert the dismissal

    into one with prejudice; and it is further

**ORDERED** that the Clerk of the Court mark this case **CLOSED;** it is further

**ORDERED** that the parties shall appear before the Court on September 16, 2014, at 10 A.M.,

    regarding Plaintiffs' Counsel R. Geoffrey Broderick and the Resolution Law Group's

    Motion to Withdraw as Attorney; and it is further

**ORDERED** that Plaintiffs' Counsel shall submit a certification with respect to each Plaintiff, no

    later than June 30, 2014, stating that counsel served a copy of the Court's Opinion & Order

    upon each Plaintiff and stating that Counsel has informed each individual Plaintiff of the

    right to pay a filing fee and refile a complaint.

**IT IS SO ORDERED**

**/s/ Faith S. Hochberg_____**
**Hon. Faith S. Hochberg, U.S.D.J.**